UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA LOU LOWE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-CV-540-FHM |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Pamela Lou Lowe, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Pamela Lou Lowe's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) John W. Belcher was held April 12, 2012. By decision dated May 10, 2012, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 16, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 54 years old on the alleged date of onset of disability and 57 on the date of the denial decision. Plaintiff has her high school education and past work experience includes vault cashier. Plaintiff claims to have become disabled as of June 1, 2010[2] due to depression, post-traumatic stress disorder, migraine headaches, inability to leave home alone, and avoidance of public places. [R. 248].

## **The ALJ's Decision**

The ALJ found that Plaintiff has severe impairments relating to migraine headaches, tobacco abuse, affective disorder, and anxiety-related disorder. [R. 56]. The ALJ determined that Plaintiff has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c), and the mental residual functional

---

[2] Plaintiff amended the date of onset from August 8, 2008 to June 1, 2010 which is subsequent to receipt of unemployment benefits. [R. 73].

capacity of performing up to 5 step instructions, requires a work setting with no intense interpersonal contact with co-workers or supervisors, and only superficial contact with the public. [R. 59]. The ALJ determined that Plaintiff was able to perform her past relevant work as a vault cashier. Further, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 20-21]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step four of the five-step evaluative sequence with an alternative step five finding for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ failed to properly consider the medical source opinions.

## **Analysis**

Plaintiff argues that the ALJ failed to properly consider the opinions of Plaintiff's treating physicians, Dr. Alan Hasegawa, M.D., and Dr. Debbie Gladd, D.O. Dr. Hasegawa of Laureate Psychiatric Clinic and Hospital treated Plaintiff from July 16, 2007 to September 27, 2011. Dr. Hasegawa filled out a *Medical Source Statement - Mental* on August 22, 2011 opining that Plaintiff had marked limitations in interacting appropriately with the public, supervisors, and co-workers. Further, Dr. Hasegawa found Plaintiff had an extreme limitation in her ability to complete a normal work-day and work-week without psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. [R. 375-376]. Plaintiff argues that as her treating physician, Dr. Hasegawa's opinion should have been given controlling weight.

3

A treating physician's opinion is accorded controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. However, if the opinion is deficient in either of these respects, it is not given controlling weight. When an ALJ decides to disregard a medical report by a claimant's physician, he must set forth specific, legitimate reasons for his decision. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Watkins v. Barnhart,* 350 F.3d, 1297, 2003 WL 22855009 (10th Cir. 2003). If the ALJ decides that a treating source's opinion is not entitled to controlling weight, he must determine the weight it should be given after considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the treating source's opinion is supported by objective evidence; (4) whether the opinion is consistent with the record as a whole; (5) whether or not the treating source is a specialist in the area upon which an opinion is given; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. See § 404.1527(d)(2)-(6).

The ALJ made the following findings:

> [T]his assessment is absolutely inconsistent with the record as a whole, including Dr. Hasegawa's own reporting showing varying G.A.F. scores from a low of 55 up to 80. He has routinely noted that she is stable on her regimen with no side-effects, has a "bright affect," and "is calm." Accordingly, I give Dr. Hasegawa's Medical Source Statement assessment no weight.

4

[R. 60]. Further, Dr. Hasegawa's notes reflect that Plaintiff reported that the Prozac seems to be working good...I feel like doing things again...physically I fee (sic) a lot better...I have been taking care of grandkids...I don't have time to be depressed...I went to a movie...I am feeling better and sleeping better. [R. 318, 321, 322, 323, 324, 328, 329, 330, 331, 393].

Plaintiff does not argue the ALJ was factually wrong about the evidence he found inconsistent with Dr. Hasegawa's opinion or functional limitations. Plaintiff simply points to other evidence in Dr. Hasegawa's records that arguably supports the restrictions in the *Medical Source Statement - Mental.* Essentially, Plaintiff contends that other evidence in the record overwhelms the evidence cited by the ALJ such that a reasonable mind could not rely on the evidence cited by the ALJ to reject the opinions of Plaintiff's treating doctors. The court rejects Plaintiff's argument. The evidence cited by the ALJ is contained in the record, thus, there is a factual basis for the ALJ's finding. Moreover, the evidence cited by the ALJ is inconsistent with the treating doctors' opinions and a reasonable mind could accept the evidence to support the ALJ's decision. The court finds that substantial evidence supports the ALJ's findings that Dr. Hasegawa's *Medical Source Statement - Mental* is not supported by his treatment notes. The court finds no error in the ALJ rejecting Dr. Hasegawa's opinion.

Plaintiff contends that the ALJ should not have relied upon the global assessment of functioning (GAF)[3] scores of 55 to 80 assigned by Dr. Hasegawa during his treatment because a GAF score constitutes only a "snapshot" of her functioning at the moment of

---

[3] The Global Assessment of Functioning (GAF) score is a subjective rating on a one hundred point scale, divided into ten numerical ranges. The GAF permits clinicians to assign a single ranged score to a person's psychological, social, and occupational functioning. *See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders,* 32, 34 (Text Revision 4th ed.2000)("DSM-IV-TR).

evaluation as opposed to a measure of her ability to function over time. [Dkt. 25, p. 6]. The GAF scores were not the sole reason for the rejection of Dr. Hasegawa's opinion. The ALJ cited the GAF scores as an example of how Dr. Hasegawa's opinion was inconsistent with the record as a whole. [R. 60]. The court finds that the ALJ properly considered the GAF scores together with the rest of the medical evidence in determining what weight to accord Dr. Hasegawa's opinion.

Plaintiff received treatment by Dr. Debbie Gladd, D.O., from August 25, 2011 through January 5, 2012. On August 25, 2011, Dr. Gladd noted Plaintiff's spine was positive for posterior tenderness, paravertebral muscle spasm, bilateral thoracic tenderness, and bilateral lumbosacral tenderness. Dr. Gladd found she had normal range of motion, no joint deformity, heat, swelling, erythema, or effusion in her elbows, hands, hips, knees, and feet. Plaintiff had mild muscle tenderness to palpation in her upper trapezius, shoulders and thighs. [R. 432-436]. On September 6, 2011, Plaintiff underwent an MRI of her head and lumbar spine. The MRI of her head revealed no significant abnormality; the MRI of her lumbar spine revealed mild degenerative disk disease most prominent at L3-L4 and L4-L5 with disk bulges; mild associated facet osteoarthritic changes. [R. 381-382].

On March 22, 2012, Dr. Gladd prepared a *Medical Source Statement - Physical* opining that Plaintiff could never stoop, kneel, crouch, or crawl, and was limited in her ability to reach, handle, finger, or feel. [R. 492-493]. The ALJ did not give controlling weight to Dr. Gladd's opinion because it was not supported by medical evidence and was inconsistent with the record. The ALJ observed Dr. Gladd's assertions as to Plaintiff's functional limitations are contradicted by Plaintiff's own testimony concerning her activities of daily

6

living which includes the ability to cook meals, do laundry, iron clothes, provide childcare, drive, care for and clean pets' cages, and walk one mile. [R. 79, 239, 240, 242]. Treatment notes from pain management specialist, Dr. Jayen H. Patel, M.D., dated January 23, 2012 indicate Plaintiff had no muscle spasms, strength in all extremities were 5/5, her posture, gait, and sensation were normal. Further, Plaintiff reported to Dr. Patel that the pain did not prevent her from participating in recreational activities. [R. 479-483].

The responsibility for determining the weight of the evidence rests with the ALJ. The court finds the evidence relied upon by the ALJ is evidence a reasonable mind could accept as adequate to support a conclusion, and the evidence relied upon by the ALJ is not overwhelmed by other record evidence. The court finds that the record supports the ALJ's findings that the evidence was inconsistent with Dr. Gladd's opinion about Plaintiff's limitations.

There is no merit to Plaintiff's argument that the ALJ should have recontacted Drs. Hasegawa and Gladd before rejecting their opinions. [Dkt. 25, p. 6-7, 10]. The Commissioner is required to recontact a medical source "[w]hen the evidence from [the] treating physician or psychologist or other medical source is inadequate for [the Commissioner] to determine whether [the claimant is] disabled." 20 C.F.R. § 404.1512(e) (eff. Aug. 1, 2006, to June 12, 2011). See *Jones v. Astrue,* 691 F.3d 730 (5th Cir. 2012). The ALJ is required to request more documentation only where there is no relevant evidence from other treating sources. The ALJ found the evidence adequate to make a determination regarding Plaintiff's disability. Accordingly, the ALJ did not have a duty to recontact the doctors.

7

**CONCLUSION**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 9th day of December, 2014.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE